UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEPHANIE P.[1],

                              Plaintiff,        Case # 19-CV-6-FPG

v.                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff Stephanie P. brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits. ECF No. 1. On October 22, 2019, the Court reversed the SSA's decision and remanded this case for further administrative proceedings. ECF No. 12. Thereafter, the Court awarded Plaintiff's attorney, Kelly Elizabeth Laga-Sciandra, Esq., $5,850.31 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16.

On January 13, 2021, the SSA issued a Notice of Award granting Plaintiff a total of $67,374.00 in past due disability benefits and withholding $16,843.50—25 percent—to pay his attorney. ECF No. 17-3. On February 2, 2021, 2020, Sciandra moved for $16,843.50 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 17.

For the reasons that follow, Sciandra's motion is GRANTED and Sciandra is awarded $16,843.50 in fees.

## DISCUSSION

**I.**    **§ 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only the first name and last initial.

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

Before determining the reasonableness of the fee request, the Court first addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling

is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.* Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89. Additionally, under Federal Rule of Civil Procedure 60(d), a document is deemed received three days after mailing.

Here, the Notice of Award was issued on January 13, 2021. Adding the Rule 60(d) three day mailing period to the 14 day Rule 54(d)(2)(B) period results in a due date of January 30, 2021, a Saturday. Thus, the due date fell to Monday, February 1, 2021. Plaintiff's counsel, Ms. Sciandra, indicated that her firm attempted to file the motion for fees on that date, but inadvertently filed it in the wrong case. ECF No. 17-1 at 2. Her firm corrected the mistake the next day, and filed the motion one day late on February 2, 2021. *Id.*

Under these circumstances, the Court will not reject Plaintiff's motion as untimely. The Court exercises its discretion to permit the motion, in light of the short delay and the lack of prejudice. *See Sinkler*, 932 F.3d at 89-90 (explaining that the 14-day rule "is not absolute").

With that resolved, the Court turns to the merits.

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $67,374.00 in past due benefits and therefore counsel's request for $16,843.50 in fees—25 percent of the award—does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff filed a motion for judgment on the

3

pleadings with non-boilerplate arguments and obtained remand, which ultimately led to a favorable decision awarding Plaintiff benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings so as to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Sciandra spent 28.8 hours in connection with the appeal to this Court. ECF No. 17-2 at 3. Dividing the $16,843.50 fee requested by 28.8 hours yields an hourly rate of $584.84.

Courts in this district have approved significantly higher rates as reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *See, e.g.*, *Briem v. Barnhart*, No. 05 Civ. 6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) (approving $1,300.00); *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (approving $1,051.64); *Sims v. Comm'r of Soc. Sec.*, No. 17-CV-798-FPG, 2020 WL 812923, at *2 (W.D.N.Y. Feb. 19, 2020) (approving $980.87); *see also Campana v. Saul*, No. 16-CV-960, 2020 WL 3957960, at *2 (W.D.N.Y. July 13, 2020) (describing requested hourly fee of $1,000 as "very high by Western New York standards" but approving that rate in part because "the incentive necessary for counsel to take contingency-fee cases weigh[ed] in favor of approving the fee"). The Court concludes that a fee of $16,843.50 is reasonable and awards Sciandra the same.

## CONCLUSION

Accordingly, Sciandra's motion for attorney's fees under § 406(b) (ECF No. 17) is GRANTED and Sciandra is awarded $16,843.50 in fees. The Court directs the Commissioner to

release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, she must remit the $5,850.31 EAJA fee, which she has indicated she intends to do.

    IT IS SO ORDERED.

Dated: March 11, 2021
       Rochester, New York

                              HON. FRANK P. GERACI, JR.
                              Chief Judge
                              United States District Court